Eastern Dist.
May, 1836.

TOURNE
vs.
TOURNE.

---

### TOURNE vs. TOURNE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Excesses, cruel treatment and outrages, on the part of the husband towards the wife, form a legal ground for separation from bed and board, when it is of such a nature as to render their living together insupportable; but the court must judge from the proofs and circumstances, not from the opinions of witnesses, whether these grievances are of such a character as to render the life of a reasonable woman intolerable.

A series of studied vexations and provocations on the part of the husband, without resorting to personal violence, might constitute that degree of cruel treatment and outrages, which would form just ground for a separation from bed and board.

But the partial treatment of one of the children by the father, and the child's disobedience towards the mother, supposed to result from the

father's encouragement, will not be deemed sufficient ground for a separation from bed and board.

No acts of ill treatment occurring after the inception of suit, can be urged as grounds or cause for a judgment of separation.

A marriage contract entered into in France, where no community of acquests and gains existed by law, and none was stipulated, yet when the parties removed to Louisiana, such a community took place by operation of law, in reference to the property acquired here.

The wife has an action against the heirs of her husband, to recover her share of the property of the community alienated by him in fraud of her rights; but when she claims this right, in addition to a judgment of separation from bed and board from her husband, and fails in the first, she is not entitled, *then*, to any remedy in relation to the property.

EASTERN DIST.
May, 1836.

TOURNE
vs.
TOURNE.

This case commenced by the institution of two separate actions. The wife first sued her husband for her half of the community, alleging that he had endeavored to defraud her, by selling his property to his two sons, and by suing his creditors. See the facts of this case, in the suit of *Tourné* vs. *His Creditors*, reported in 6 *Louisiana Reports*, 459.

Madame Tourné afterwards sued her husband for a separation from bed and board. This case was tried with the former one, on its return from the Supreme Court. The pleadings and facts material to the case, are sufficiently stated in the opinion of the district judge, who tried it in the first instance.

"This is a suit of separation from bed and board, between husband and wife, and also to set aside a sale from the husband to his sons; made, as is alleged, with the intention to defraud the wife of her contingent interest in the community. These causes of action were originally dilated into two suits, which have since been consolidated.

"The *gravamen* of the suit for separation is 'that since about five years, and since the return of the husband from Europe, in 1828, some causes of which she is ignorant have totally estranged her husband's affections from her, and have brought on her his inveterate hatred.

" ' That since that time her husband has neglected her in an outrageous manner, has abandoned her, has ill-treated her, and suffered others, especially two of her children, to speak to her in an insulting manner, in her own house, and that by his abuse and insults he has rendered their living together intolerable.'

" These parties lived together, as is admitted on both sides, in harmony, from 1798 to 1828. They came from France about 1815, having left two of their daughters in France, and brought three other children with them; the father went and brought the daughters from France in 1828.

" I am at a loss to determine from the evidence what is the cause of difference between them; on one side it is said to have originated with the youngest daughter, on the other it is alleged to grow out of the mother's partiality for a daughter married to Auvray; be that as it may, neither from the allegations of the petition, nor from the evidence, can I discover any legal cause for granting a separation from bed and board. Members of the family and neighbors have been examined on both sides, and the result is, that there is some disagreement, the cause of which is not satisfactorily explained, but there is nothing like outrage or positive ill-treatment proved against the husband.

" As to the statement of witnesses, that their living together is intolerable, this general declaration ought to have little weight with the court; the facts are to be proved which make it so, the opinion or notions of the witnesses will not suffice.

" It would lead to the subversion of society, if for every kind of disagreement, married persons were divorced. Estrangement of affections, and the coldness and indifference which grow on changeful man, are not good reasons for divorce.

" There is no sufficient cause exhibited in the evidence produced before the court to sustain the plaintiff's demand for a divorce, and with this part of the demand, falls the second branch of the cause.

" The defendant must pay the costs, as a debt incident to marriage.

"It is, therefore, considered that there be judgment for the defendant Jacques Tourné, and that plaintiff, Jeanne Revière Tourné, return to, and live with her husband."

From this judgment the plaintiff appealed.

*Deblieux*, for the plaintiff and appellant.

*D. Seghers*, contra.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff sued her husband for a separation from bed and board, on the general allegations, that for some years past, some causes of which she is ignorant, have lately estranged her husband's affections from her, and brought upon her his inveterate hatred; that since that period he has neglected her in an outrageous manner; has abandoned her, ill treated her, and suffered others, particularly two of her children, to speak to her in an insulting manner, in her own house, and that by his abuses and insults he has rendered their living together intolerable.

The defendant in his answer denies these allegations, and avers, that during thirty-five years of cohabitation with his wife, he has always treated her with the regard which their relative situation demanded. He admits that recently he has been obliged to impose some restraints upon the expenses of his wife, in consequence of an infatuated preference on her part for one of the children.

The District Court rejected her demand for separation, and she appealed.

The evidence certainly shows that for a period of more than thirty years, these parties lived together in harmony, and brought up a family of five children, most of whom are now established in the world. During that period she showed herself an industrious and frugal wife, and enjoyed the entire confidence of her husband, who, on his departure for France, some years since, to bring over two daughters who had been left there for their education, entrusted to her the management of his affairs. During that long series of

EASTERN DIST. May, 1836.

TOURNE
vs.
TOURNE.

Excesses, cruel treatment, and outrages on the part of the husband towards the wife, form a legal ground for separation from bed and board, when it is of such a nature as to render their living together insupportable; but the court must judge from the proofs and circumstances, not from the opinions of witnesses, whether these grievances are of such a character as to render the life of a reasonable woman intolerable.

A series of studied vexations and provocations on the part of the husband, without resorting to personal violence, might constitute that degree of cruel treatment and outrages, which would form just ground for a separation from bed and board.

But the partial treatment of one of the children by the father, and the child's disobedience towards the mother, supposed to result from the father's encouragement, will

years, it is not pretended that her husband ever treated her with unkindness, or left her wants unsupplied. Soon after his return, about five years ago their domestic troubles commenced. The causes of this change are in a great measure wrapped in mystery. It is not pretended that the husband was ever guilty of personal violence towards the plaintiff, nor is it shown that she was in want, much less abandoned by him.

Excesses, cruel treatment and outrages, form a legal ground for separation from bed and board, when such ill treatment is of such a nature as to render the parties living together insupportable. *Louisiana Code*, 138. The tribunal called on to pronounce on the gravity of the offence, or series of acts complained of, must judge according to the proofs of such facts, whether they are of such a character as to render the life of a reasonable woman intolerable, making proper allowances, for the frailty of our nature, the just authority of the husband, and the respect due by him to the mother of his children. We cannot take the opinions of witnesses as to the conclusions we are to draw in these matters. We are bound to decide according to facts. Some witnesses have stated, it is true, that they think the longer cohabitation of the plaintiff with her husband would be intolerable. Many of the facts from which they appear to have drawn this conclusion, are, in our estimation quite trivial. A series of studied vexations and provocations on the part of a husband, without ever resorting to personal violence, might constitute that degree of cruel treatment and outrages which would form a just ground for a separation from bed and board. It is probable that the unkind treatment and disobedience of one of the daughters, was one of the principal causes of the present unhappy controversy. So far as the evidence shows the conduct of the defendant, in relation to that treatment, it may be imputed to the weakness of a father, perhaps with more propriety than to the cruelty of the husband. But we concur with the judge of the District Court, that the plaintiff has not shown enough to entitle her to a separation from bed and board.

It has been urged, that since the inception of this suit, the aggravated ill treatment of the defendant towards his wife, ought to be taken into consideration by us, in deciding on the case. We do not feel authorised to do so. The only question we have to examine, is whether the facts alleged as having occurred before the suit was brought, are sufficient to justify a separation.

Eastern Dist.
May, 1836.

TOURNE
vs.
TOURNE.

not be deemed sufficient ground for a separation from bed and board.
No acts of ill treatment occurring after the inception of suit, can be urged as grounds or cause for a judgment of separation.

Soon after the commencement of this suit for separation, the plaintiff discovered that her husband had sold some valuable property to two of his sons, and about four months afterwards he made a surrender of his property to his creditors. She instituted another suit against her husband and her two sons, alleging that the sale was in fraud of her rights, and praying it might be annulled, alleging at the same time, that her husband had made a fraudulent surrender, and had been appointed syndic of his own creditors. In a supplemental petition, she alleges that according to the marriage contract, which was entered into in France, she was entitled absolutely in her own right, to one-half of the property acquired during the marriage, and that no community of acquests and gains existed between them, according to the laws of Louisiana, but that one-half of the property thus acquired, forms her paraphernal estate.

The marriage contract was entered into in that part of France, which was at that time governed by the written law, and where a community of acquests did not exist, unless by stipulation between the parties. The clause in the contract, on which the plaintiff relies in support of her pretensions, is in these words: "*S'associent les futurs époux en tous les acquêts qu'ils feront pendant le mariage, lesquels chacun fera à sa volonté.*" &c. The only sensible construction we can give to this clause, is that the parties intended to establish between them a community of gains. On their coming to reside in this state, such a community took place by operation of law, in reference to property acquired here, unless expressly excluded by their matrimonial agreement. This is the construction most favorable to the wife. The law gives to the wife an action against the heirs of her

A marriage contract entered into in France, where no community of acquests and gains existed by law, and none was stipulated, yet when the parties removed to Louisiana, such a community took place by operation of law, in reference to the property acquired here.
The wife has an action against the heirs of her husband, to recover her share of the property of the community, alienated by

58

EASTERN DIST. husband, to recover her share of property of the community,
May, 1836.   alienated by him in fraud of her rights.  *Louisiana Code,*

CHARDON'S    2373.   Having failed in her suit for separation from bed and
HEIRS
*vs.*        board, she is not entitled at this time, to any remedy in
BONGUE.      relation to the property in dispute.   However suspicious that
him in fraud of transaction may appear, especially when coupled with a
her rights; but
when she claims surrender of the residue of the property to creditors, so soon
this right, in ad-
dition to a judg- afterwards, grounded on the allegation of losses sustained by
ment of separa-
tion from bed reason of the extravagance of the wife, of which this record
and board, from furnishes no evidence, yet the wife is without immediate
her husband, and
fails in the first, remedy, unless so far as she may be permitted to oppose a
she is not enti-
tled, *then*, to any tableau of distribution, as a creditor for a small amount, and
remedy in rela-
tion to the pro- recognised as such by the proceedings in the case of Tourné
perty.       *vs.* His Creditors.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.