## No. 768.

Isaac D. Seyburn *v.* Eugenie Deyris, Widow of Henry Penn, Sr., et als.

### Abbreviated Statement of Facts.

On the eighth of April, 1854, Henry Penn, Sr., in a public act, acknowledged his indebtedness to Philibert Hebert, natural tutor of his children, in a certain sum payable in three installments, one-third thereof at the majority of each of the children, and the interest payable annually. In order to secure the said debt, in the same act, he mortgaged the property described in plaintiff's petition.

On the fourteenth of February, 1859, the said Penn, Sr., died, and after a short administration the property was distributed among the surviving widow, Eugenie Deyris, and the heirs; the part encumbered with the said mortgage, being community property, was adjudicated to said widow, natural tutrix of the minors, Henry Penn, Jr., and Clara Penn.

The plaintiff in this case, on the fourteenth of January, 1867, became the holder and owner of the mortgage obligation of Henry Penn, Sr., in favor of Philibert Hebert, tutor, by a private act of the latter to him, and also of a note subscribed by Widow Eugenie Deyris, dated the seventh of April, 1862, which note states as its consideration the interest accrued during the years 1860, 1861 and 1862, on the mortgage obligation transferred to plaintiff; and subsequently, on the twenty-eighth of February, 1868, Eugenie Deyris waived prescription on this note.

Previously, on the first of January, 1868, Widow Eugenie Deyris and one of the heirs, Clara Penn, had executed together another interest note for another year on the mortgage claim held by plaintiff.

Plaintiff now sues Widow Eugenie Deyris, and the heirs, Henry Penn, Jr., and Clara Penn, for the amount of the mortgage claim and notes given for the interest as aforesaid, and also to enforce the mortgage.

Seyburn v. Eugenie Deyris, et als.

### POINTS.

Where a debt was acknowledged in an act of mortgage and not represented by notes, the prescription of ten years is applicable.

The prescription of ten years was interrupted as to Widow Eugenie Deyris, by the note which she gave on the seventh of April, 1862, for the interest accrued during the years 1860, 1861 and 1862, and inasmuch as subsequently, on the twenty-eighth of February 1868, she waived prescription on this note.

The note signed on the first of January, 1868, by Eugenie Deyris, widow of Henry Penn, Sr., and by one of the heirs, Clara Penn, representing the interest for another year on the mortgage claim, did not amount to a renunciation of prescription by Clara Penn, as to her share of the past installment of the mortgage debt. That note contains no renunciation by her of the prescription already accrued.

There is no force in the objection that the mortgage perempted for want of reinscription within ten years. Neither inscription, nor reinscription, is necessary, so far as the parties to the mortgage or their heirs are concerned.

The property mortgaged was community, and no distribution thereof among the heirs and surviving widow (whose rights are only residuary) can defeat the mortgage given by the deceased to secure a community debt.

There is no difficulty in the objection that the plaintiff can not enforce this claim, because of the informalities of the transfer thereof by the natural tutor. This is a question that concerns the minors. The formalities for the alienation of their property being alone for their benefit, they alone can urge the omission thereof.

But, at the time of the transfer in this case, the heirs were of age, and they received the money paid by the transferee.

It is no ground to reverse a judgment, if correct, because the Judge *a quo* gave wrong reasons, or because the decree does not conform to the reasons given by him.

As to the question whether interest should be allowed on the notes given for the interest on the mortgage claim, it is determined in the affirmative.

By these notes the interest forming the consideration was capitalized. It was a valid consideration for the debt, evidenced by these notes, and there can be no reason why they should not bear interest.

It is unnecessary to inquire whether the note subscribed in January, 1868, by Eugenie Deyris and her daughter, Clara Penn, was a joint or solidary obligation, because the court gave judgment on it against them jointly, and this judgment can not be increased by holding it to be a solidary obligation, for the reason that the plaintiff and appellee has not prayed for the amendment of the judgment.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train,* J. *Tucker & Davis,* for plaintiff and appellee. *A. C. Dumartrait, Deblanc & Perry,* for defendants and appellants.

WYLY, J. On the eighth of April, 1854, Henry Penn, Sr., in a public act, acknowledged his indebtedness to Philibert Hebert, natural tutor of his minor children, Jean Louis, St. Cyr, and Dumas Hebert in the sum of $1944 80, payable in three installments, one-third thereof at the majority of each of the children, and the interest payable annually at eight per cent.

In order to secure the said debt, in the same act, he mortgaged the property described in the petition, being a sugar plantation. On the fourteenth of February, 1859, the said Henry Penn died, and after a short administration, the property was distributed among the surviving widow and the heirs ; the part encumbered with the said mortgage, being community property, was adjudicated to the widow.

On the seventh of April, 1862, she gave her note for $336 73 for the interest accrued on the mortgage debt during the years 1860, 1861 and

1862; and subsequently, to wit: the twenty-eighth of February, 1868, she waived prescription on this note.

On the first of January, 1868, she and one of the heirs, Clara Penn, executed their note for $179 19, the interest for another year on the mortgage claim.

On the fourteenth of January, 1867, the plaintiff became the holder of the said mortgage claim, and also of the note given for interest thereon by the surviving widow on the seventh of April, 1862.

He now sues the widow Eugenie Deyris, and the heirs, Henry Penn, Jr., and Clara Penn, wife of Frank H. Rodgers, for the amount of the mortgage claim, and also for the amount of the notes given for the interest as aforesaid, and also to enforce the mortgage.

The court gave judgment against Eugenie Deyris, widow of Henry Penn, Sr. on the original mortgage claim, for $1109, with eight per cent. per annum interst thereon, from fifteenth of March, 1864, for the further sum of $336 73, with eight per cent. interest thereon from fifteenth of March, 1862, the amount of her note of seventh of April, 1862, also for the further sum of $89 59 with legal interest, from twenty seventh of April, 1869, half of the amount of the note executed by her and Clara Penn, on first of January, 1868. The court also gave judgment against Clara Penn (wife of F. H. Rodgers) for $417 78, with eight per cent. per annum interest thereon, from fifteenth of March, 1864, as her share of the mortgage claim due by her ancestor, and also for the further sum of $89 59, with legal interest thereon, from twenty-seventh of April, 1867, one-half of the amount of the note signed by her and her mother on first January, 1868, for one year's interest on the mortgage debt. The court also gave judgment against Henry Penn, Jr., for $278 55, the amount found to be due as his share of his ancestor's mortgage debt, one of the installments thereof being held to be prescribed as to this heir. The mortgage was rendered executory, as prayed for, and the property was ordered to be sold to satisfy the judgment against the widow and heirs.

From this judgment the defendants have appealed.

They contend—

*First*—That the mortgage claim is prescribed.

*Second*—That the mortgage has perempted for want of reinscription within ten years.

*Third*—That the plaintiff is not entitled to enforce the claim against them, because Philibert Hebert, natural tutor, had no authority and could not make a valid transfer of a negotiable asset belonging to his wards;

*Fourth*—That the judgment signed by the court does not conform to the reasons given for the judgment.

*Fifth*—A new trial should have been granted on the showing made.

As the debt was acknowledged in the act of mortgage and not represented by notes, the prescription of ten years is applicable.

The installments fell due respectively, twenty-fifth November, 1856, twenty-first September, 1859, and in the year 1864, the periods at which the three minors, represented by the natural tutor, arrived at the age of majority.

The citations were served on twenty-seventh April, 1869. There is no question as to the prescription of the last two installments, because the ten years had not elapsed from their maturity when the suit was brought. It is only as to the first installment. As to the widow, the court did not err in holding that the notes which she gave for interest on the mortgage debt, on seventh April 1862, and on first January, 1868, interrupted prescription.

The court also correctly held that the first installment (one-third of the debt) was prescribed so far as relates to the share thereof due by Henry Penn, Jr., because, as to him, there was no interruption of prescription, and more than ten years had elapsed from the maturity of the first installment to the institution of the suit.

As to Clara Penn (wife of F. H. Rodgers), we think the court erred in holding that the signing of the note for $179 19 on first January, 1868, for interest for one year on the mortgage debt, amounted to a renunciation of prescription as to her share of the past installment of the mortgage debt.

The note for interest signed on first January, 1868, contains no renunciation of the prescription already accrued. 23 An. 621 ; Revised Statutes of Louisiana, section 2821.

There is no force in the objection that the mortgage perempted for want of reinscription within ten years. Neither inscription nor reinscription is necessary, so far as the parties to the mortgage or their heirs are concerned. (The property mortgaged was community property, and no distribution thereof among the heirs and surviving widow, whose rights are only residuary, can defeat the mortgage given by the deceased to secure a community debt.)

Neither do we find any difficulty in the objection that the plaintiff can not enforce the claim because of the informalities of the transfer thereof by the natural tutor. This is a question that concerns the minors. The formalities for the alienation of their property being alone for their benefit, they alone can urge the omission thereof; they can ratify the transfer, expressly or impliedly, after majority. At the time of the transfer the heirs were of age, and they received the money paid by the transferree.

It is no ground to reverse a judgment, if correct, because the Judge gave wrong reasons, or because the decree does not conform to the reasons given by him.

The showing made for a new trial was not sufficient. Jean Louis Hebert was not the payee of the mortgage claim, nor was he the holder. Besides, his receipt was not adduced, and it is not shown who made the alleged payment to him, Henry Penn, Sr., being then dead. If the defendants made the alleged payment, they should have sworn to the fact, which they did not.

As to the question whether interest should be allowed on the notes given for the interest on the mortgage claim, we will remark that, in our opinion, it can. By these notes the interest forming the consideration was capitalized; it was a valid consideration for the debt, evidenced by these notes, and we see no reason why they should not bear interest. R. S. 1870, sec. 1889.

Whether the note subscribed in January, 1868, by Eugenie Deyris and her daughter, Clara Penn (wife of F. H. Rodgers), was a joint or solidary obligation, it is unnecessary to inquire, because the court gave judgment on it against them jointly, and this judgment can not be increased by holding it to be a solidary obligation, for the reason that the plaintiff and appellee has not prayed for the amendment of the judgment.

It is therefore ordered that the judgment against Eugenie Deyris be affirmed, with costs; also that the judgment against Henry Penn, Jr., be affirmed, with costs; and that the judgment against Clara Penn (wife of F. H Rodgers), be amended by reducing the sum of four hundred and seventeen dollars and seventy-eight cents, found to be her share of the mortgage claim, to two hundred and seventy-eight dollars and fifty-five cents, and as thus amended let it be affirmed; and as to her, let the appellee pay costs of appeal.