## No. 12,692.

MRS. LENA WELLMAN, WIFE, VS. MACK WELLMAN, HUSBAND.

Charges of adultery, under the circumstances of this case, set forth by the wife against her husband, as a ground for a judgment of divorce, do not, of themselves, constitute a defamation.

The charges had been abandoned by the wife, and her suit dismissed without prejudice to the husband's reconventional demand for a separation from bed and board.

In that condition, the defendant having failed to sustain his demand in reconvention by other than plaintiff's allegations, they were not alone grounds or cause for a judgment of separation.

Excesses. cruel treatment and outrages of the wife form a legal ground for separation, but no acts of ill treatment occurring *after* suit has been brought are alone and of themselves cause for a judgment of separation.

Statements of the wife (made to a committee appointed by a secret order, of which the husband was a member, with the purpose of re-establishing pleasant relations between spouses) can not be taken of themselves as a manifestation on her part (notified as she was to appear and make a statement) of deliberate intention to wantonly injure her husband and publicly defame his character.

APPEAL from the First Judicial District Court for the Parish of Caddo. *Land, J.*

*Wise & Herndon* for Plaintiff, Appellee.

*A. L. Kahn* for Defendant, Appellant.

Argued and submitted January 12, 1898.
Opinion handed down January 24, 1898.

The opinion of the court was delivered by
BREAUX, J.   This was a suit for a divorce.
The defendant filed a plea in reconvention for a separation from

bed and board. This plea was grounded on plaintiff's allegations that he, the defendant, was guilty of adultery, and that she, the plaintiff, had made threats to kill him, the defendant. The defendant charged that the accusation of adultery was false.

On the day the case was called for trial, on motion of plaintiff's counsel her suit was dismissed without prejudice to the reconventional demand of defendant.

Both the plaintiff and the defendant find fault with a ruling of the District Judge permitting the introduction of evidence on the reconventional demand.

The plaintiff (in the suit defendant in the reconventional demand) complained on the ground that there was no allegation on the reconventional demand of public defamation of character.

While, on the other hand, defendant's counsel accepts the *ruling* as correct he complains of the *reasons* for overruling it as error. We take it that the basis of the objection to the ruling is that, in the view of the counsel, the *reasons* were not broad enough, and that if the charge preferred by plaintiff was not a public defamation it was at any rate of a character to bring it within the term " outrages of one toward the other " under another provision of the law of separation, and that under this provision, even if it was not a public defamation, it was admissible. In other words, as we understand, that the court, instead of holding that the answers of the witnesses were admissible because they went to prove defamation of character, should have held that the answers were admissible as evidence of personal and direct outrage committed by the wife toward the defendant husband; which rendered their living together insupportable. If there was anything erroneous in the ruling it was in admitting the testimony at all. At any rate the defendant had no cause to complain.

The facts are, as we gather from the record, after suit had been instituted, the Damon Lodge Knights of Pythias, of which plaintiff was a member, took up the matter and appointed a committee of investigation with the view, as we conclude, to bring on a reconciliation between the parties. They were notified to have their witnesses present, and when the committee met, statements were heard from both the plaintiff and the defendant. The former stated to the committee that her husband had been guilty of adultery with women, one of whom she named.

The District Judge, in his reasons for judgment, said that there could be no investigation by this committee without hearing both, and that the husband tacitly consented that his wife should disclose to the committee her grounds of complaint against him. He also added that the answer did not charge " malice," which is the essence of slander or defamation, and must be proved either by direct testimony or by implication flowing clearly from the language and conduct of the defendant, citing 34 An. 1146, that the statement was justified by the occasion and was not volunteered for the purpose of bringing her husband into public contempt. " It was made to a secret committee of a secret society acting with the laudable purpose of bringing about reconciliation between the parties."

Upon these grounds defendant's reconventional demand was dismissed as in case of non-suit, and the community was condemned to pay all costs.

From the judgment the defendant husband, prosecutes this appeal.

It is settled in our judgment ordinarily in order that the offence alleged may be cause enough for separation from bed and board, it must be shown that it was committed before the plea for the separation was filed.

At all events a judgment of separation should not be granted for alleged offences committed after suit had been filed and in the absence of all evidence of cause for separation of a date anterior to the suit. If evidence be admissible of utterances *post lites* to prove public defamation, they are not admissible, unless it be alleged that the defamer was actuated by " malice " in making the charges, and that they were of a public character. That was not the reconventional demand of the defendant; it was absolutely silent as to " malice " and only alleged that plaintiff had accused him " of being guilty of adultery."

In so far as the record shows it was only to the special committee that the plaintiff complained of conduct on the part of the husband she deemed was in violation of his marriage vows. The committee was not at all public. In carrying out the purpose it had of restoring harmony between the two, the husband and the wife, the committee sat within closed doors and there heard the real or imaginary grievances of each of the spouses. We have no reason to conclude that they were made public.

The defendant, moreover, in support of his demand in reconven-

tion for separation argues that the charges made by the plaintiff in the pleadings should be considered as grounds sustaining his recon-ventional demand. As the only other evidence before us is the statement made by plaintiff to the committee, not to be taken account of for reasons we have already stated, it would result were we to grant the demand for a separatton that it would be grounded exclusively upon the allegations of plaintiff in her petition for a divorce in a suit she has chosen to abandon. We do not feel authorized to make such allegations the exclusive basis of a judg-ment of separation. They are not of themselves grounds for a separation from bed and board.

The law as we take it has in view more particularly facts alleged to have occurred prior to the suit and not mere pleadings in cases of this character without proof of any kind.

In Towne vs. Towne, 9 La. 457, this court said: "The only ques-tion we have to examine is whether the facts alleged as having occurred before the suit was brought are sufficient to justify a sep-aration." There is nothing in the case before us requiring that it be taken out of the rule having in view acts preceding the institution of the suit as giving rise to a cause of action. In suits of the nature of the one here allegations of the petition have never, in this State, been taken as cause sufficient for judgment. If the allegations were true the plaintiff had had no cause to complain if they were made in error; it not having been shown that plaintiff acted wantonly or maliciously the error was not of itself cause to decree a separation.

Here the charge of public defamation is not sustained by the alle-gations of plaintiff in her petition for a divorce; it not appearing that they were prompted by insincerity and conceived in malice. Terrell vs. Boarman, 34 An. 306.

We agree with the judge of the District Court that the defendant has not shown cause for a separation from bed and board considered from any point of view. The wrongs asserted have not been shown.

Therefore it is ordered, adjudged and decreed that the judgment appealed from is affirmed.