ST. PAUL, J. I dissent. I think the statute required that the resolutions (or copy thereof) should state expressly the amount of money to be borrowed from each bank and of the assets to be pledged to serve the same.

O'NIELL, C. J., dissents, being of the opinion that the judgment should be affirmed.

---

(105 So. 296)

No. 26786.

## DOLLAR v. DOLLAR.

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. Divorce ⊚⇒27(10)—**Wife entitled to separation from bed and board for cruel treatment of husband as shown.**

Where husband exacted manual labor from wife beyond her physical strength, and refused to provide necessary medical and surgical attention, and insisted on her discharging all the duties of a wife, knowing that they would seriously impair her weakened condition, wife *held* entitled to separation from bed and board, under Civ. Code, art. 138, notwithstanding she had not requested a physician or surgeon to be procured, it being husband's duty to provide same on his own motion.

2. Divorce ⊚⇒286 — **Judgment could not be amended on request of respondent in absence of her appeal from judgment or answer to appeal.**

Where judgment granting separation from bed and board recognized plaintiff as owner of undivided half of community property, and ordered inventory to be made of same, but did not order partition thereof, judgment could not be amended on request of respondent, in absence of appeal by her from judgment, or filing answer to appeal praying the amendment, but she could pursue her action for partition in a separate suit.

Appeal from Second Judicial District Court, Parish of Webster; Robert Roberts, Judge.

Suit by Mrs. Bertha Dollar against Wiley A. Dollar. Decree for plaintiff, and defendant appeals. Affirmed.

Thomas W. Robertson, of Shreveport, for appellant.

Lee & Lindsey, of Minden, for appellee.

OVERTON, J. This is a suit for a separation from bed and board, brought by the wife against the husband. The grounds alleged for the separation are that the husband has cruelly abused and mistreated the wife; that he has exacted of her the performance of manual labor, which her physical condition, since the birth of her last child, some six years before the institution of this suit, scarcely permitted her to perform; that he has refused to provide her with necessary medical and surgical attention to restore her to health; that he has insisted upon a continuance of their matrimonial relations to their full extent, knowing that a continuance of them to such extent would operate to the serious impairment of her already weakened physical condition; and that, at the time she left the matrimonial domicile, or the day thereafter, he defamed her by publicly accusing her of dishonesty in connection with the disappearance of certain money which he had left therein. The suit includes a de-

mand for a partition of the property belonging to the community of acquêts and gains, existing between the husband and wife, a demand by the wife for the custody of the minor children, the issue of the marriage, and for an injunction restraining the husband from disposing of the community property during the pendency of this suit.

Judgment was rendered in the court below, granting plaintiff the separation sued for, awarding her the custody of said children, recognizing her to be the owner of an undivided half interest in the community property, and ordering an inventory of the same to be made. From this judgment defendant has appealed.

[1] The law grants to the wife a separation from bed and board when the husband has been guilty of cruel treatment towards her of such a nature as to render it intolerable for her to live with him. Civil Code, art. 138; Tourne v. Tourne, 9 La. 452. In our view, the facts in this case show that the husband has been guilty of such treatment towards the wife. This appears from the cold indifference with which the husband has, for some six years, treated the ailment of his wife; from the fact that he has exacted of her work which her condition would not permit her to perform, and has exacted it over her protest that she was physically unable to do the work, finally advising her that she had to work, meaning in the field, or leave; and from the fact that notwithstanding her ailment, he insisted on her discharging all of the duties of a wife, although advised by her at times, that, because of the condition of her health, she could not comply with his wishes. The most that can be said in mitigation, if such it be, of defendant's conduct is that plaintiff did not request that a physician be called in to examine and treat her, or that the services of a surgeon be procured for her. However, her failure in this respect did not justify defendant's treatment of her. Moreover, it was defendant's duty, of his own motion, to provide her with the necessary medical and surgical attention.

[2] While the judgment of the lower court recognizes plaintiff as owner of an undivided half of the community property, and orders that an inventory of the same be made, yet it does not order that a partition of that property be effected. Plaintiff, in her brief, has asked that the judgment of the lower court be amended so as to order the partition. However, as she has not appealed from the judgment, and has filed no answer to the appeal praying for the amendment, we are unable to amend the judgment as requested. Seyburn v. Deyris, 25 La. Ann. 483. She may pursue her action for partition in a separate suit.

For the reasons assigned, the judgment appealed from is affirmed, appellant to pay the costs.