AYRES, Judge.
This action by a wife against her husband for separation “a mensa et thoro” is predicated upon charges of cruelty and inhuman treatment by the defendant toward the wife. After trial of the case on its merits, there was judgment granting plaintiff a separation and, consequently, dissolving the community estate theretofore existing between them. From this judgment, defendant prosecutes this appeal.
Appellant has, however, filed in this court a motion to remand this cause to the trial court for a new trial. This motion is predicated upon affidavits dated November 24, 1965, and January 6, 1966, respectively, to the effect that plaintiff bribed their son, Stuart Lovell Manley, to testify in her behalf. It is urged that a new trial must be granted upon a contradictory motion of a party at interest “Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial * * This contention is predicated upon LSA-C.C.P. Art. 1972 (2).
This motion, however, is, in our opinion, without merit. There is no claim that by the exercise of due diligence the proffered testimony could not have been obtained before or during the trial. To the contrary, it clearly appears, from one of the affidavits itself, that appellant had the information within time to move for a new trial in the trial court. Moreover, the motion itself is not verified by the party litigant, as required by LSA-C.C.P. Art. 1975. Nevertheless, we may point out that the testimony of the witness under attack is not essential. A disregard of this testimony in its entirety would not affect the outcome of this suit.
A detailed review of the record as to the merits of this case is not deemed essential. A brief statement of the facts established by the record will suffice.
Plaintiff and defendant were married July 2, 1938. Of their marriage only one child was born, a boy, who, at the time of institution of this suit, was 23 years of age. The record reflects a gradual deterioration of the marital relationship between these parties over the past several years. Some four or five years prior to institution of this action, defendant completely withdrew himself from the normal husband-and-wife relationship. He showed her no affection. His attitude toward her was one of resentment and, at times, even belligerence. For the past three years he refused to eat his meals at home. When in the city he would only sleep at home, leave early in the morning, return in the afternoon, leave again without his night meal, and return about 10:00 or 11:00 p. m. When leaving the city, as his work often required that he do, he would give his wife no information where he was going, where he could be reached, how long he would be gone, or when he would return. For two or three years immediately preceding their separation, defendant refused to speak to his wife, using their son as an intermediary to deliver messages.
*196 Cruel treatment is not confined to physical mistreatment, injury, or abuse, but may result from mental harassment alone, which conduct has been characterized as “the very refinement of cruelty.” Moore v. Moore, 192 La. 289, 187 So. 670 (1939).
Moreover, as was stated in Tourne v. Tourne, 9 La. 452 (1836),
“A series of studied vexations and provocations on the part of a husband, without ever resorting to personal violence, might constitute that degree of cruel treatment and outrages which would form a just ground for a separation from bed and board.”
Thus, it is well established in the jurisprudence of this State that behavior causing mental anguish, as distinguished from physical mistreatment, may constitute cruelty of such a nature, degree, and extent as to render the living together of the parties insupportable within the meaning of LSA-C.C. Art. 138(3). Carriere v. Carriere, 147 So.2d 668, La.App., 3d Cir. 1962; Bahnsen v. Bahnsen, 177 So.2d 654, La.App., 3d Cir. 1965.
The factual situations of the Carriere and Bahnsen cases are similar to the situation shown to exist in the instant case.
In our opinion, the conduct of the husband, to which we have briefly referred, constitutes cruel and inhuman treatment, and, by reason of such conduct, plaintiff is entitled to a decree of separation from bed and board.
Accordingly, the motion to remand is overruled and the judgment appealed is affirmed at defendant-appellant’s cost.
Affirmed.