BOLIN, Judge.
Mr. Stalnaker sued his wife for a separation on the ground of abandonment and she reconvened for a separation on the ground of mental cruelty. The issue relative to the custody of one child, issue of the marriage, and alimony for the wife and child, were disposed of in summary proceedings during the pendency of the suit and are not before us on appeal. From judgment in favor of Mr. Stalnaker, granting him a separation and rejecting Mrs. Stalnaker’s demands as plaintiff in reconvention, she appeals.
The wife admitted in pleadings and testimony during the trial she had left her husband but contends it was because he had continuously pursued such a course of harassment and mental cruelty as to justify a judgment of separation against him under her reconventional demand. The “leaving” being admitted it is conceded the burden is upon plaintiff in reconvention to prove she was justified in leaving her husband because of his cruel treatment.
The only issue; purely factual in nature, is whether plaintiff in reconvention is entitled to a separation from her husband for cruel treatment under Louisiana Civil Code Article 138(3).
Cruel treatment is not confined to physical mistreatment or abuse, but may result from mental harassment. See Manley v. Manley, 188 So.2d 194 (La.App.2d Cir. 1966) and cases cited.
The mental cruelty, made the basis of the wife’s reconventional demánd, was predicated upon charges her husband had been keeping company with woman other than his wife. She neither alleged nor attempted to prove acts of adultery, but merely that her husband’s indiscreet conduct and his narrations to her of the details of his affairs were so humiliating and caused her such embarrassment as to make living together insupportable and unbearable. Conceding such conduct, if established, could be so .gross or severe as to support a judgment of separation on the grounds of cruelty, the trial judge apparently was convinced the wife had failed to prove sufficient harassment to constitute cruelty. This was a question of fact to be determined by the trial judge who was in a better position to evaluate the credibility of the witnesses than is this court.
Finding no error in the judgment appealed from it is affirmed at appellant’s cost.
Affirmed.