PRICE, Judge.
Plaintiff perfected this appeal from the judgment of the trial court rejecting her demands for a separation from bed and board from her husband.
This action was brought under the provisions of La.Civ.Code art. 138, par. 3, providing a separation may be claimed when one of the spouses has been guilty of cruel treatment toward the other of such a nature to render their continued living together insupportable.
Plaintiff, Linda Malone Blackman, was married to Bobbie Dean Blackman on June 13, 1968, and the matrimonial domicile was thereafter established near Benton in Bossier Parish. In addition to the one child of this marriage, two children of a previous marriage of Mrs. Blackman’s resided in the household.
Plaintiff alleged she moved out of the matrimonial domicile on October 1, 1970, because of numerous acts of cruel treatment inflicted upon her by defendant without provocation on her part. Plaintiff’s petition recites the following factual allegations to establish cruel treatment on the part of defendant: that he has been extremely jealous and quarrelsome toward her; that his disposition was so anti-social she was unable to have friends visit in the family home; that he mistreated her children of a previous marriage; that he failed to divulge to plaintiff he had previously been married and was the father of a child; that he refused to occupy the same bedroom with her; that he refused to attend church with the family; that he attempted to choke plaintiff on one or more occasions and ordered her to leave the home without the infant child.
On trial of the merits, Mrs. Blackman testified to various events and episodes in an attempt to prove the allegations of her petition, and in turn her testimony was denied by Mr. Blackman.
Plaintiff offered the testimony of three persons in an attempt to corroborate her own testimony. Clarice Carter, a former co-employee and friend of Mrs. Blackman, testified as to a conversation on the telephone with Mr. Blackman in which he allegedly apologized for accusing her of having an improper relationship with Mrs. Blackman.
Milton David Gipson, the former father-in-law of Mrs. Blackman, testified Mr. Blackman telephoned him after the separation in October and told him he had been wrong about things in the marriage and asked him to pray for him. No discussion ensued of any particular events that had happened.
Mrs. Ruby Hughes, mother of plaintiff, testified Mr. Blackman talked to her after the separation and told her it was all his fault.
None of the witnesses had ever personally witnessed any abuse of plaintiff by defendant other than one incident related by Mrs. Hughes occurring on a trip to Florida when Mr. Blackman became angry with Mrs. Blackman concerning her driving.
In addition to this testimony, plaintiff produced a letter written to her by defendant after she left the domicile on or about October 1, 1970, in which defendant asked forgiveness and begged plaintiff to return to live with him.
On the basis of this evidence, the trial judge rejected plaintiff’s demands. On this appeal plaintiff contends the trial court erred in not finding the evidence sufficient to establish by a preponderance of the evidence her allegations of cruelty to render the marriage insupportable.
Counsel for plaintiff cites several cases holding the testimony of the parties standing alone is sufficient to constitute a preponderance of the evidence if believed by the trial judge. Seeling v. Seeling, 133 So.2d 161 (La.App. 4th Cir. 1961), and cases cited therein. Plaintiff relies also on the holding in the case of Manley v. Manley, 188 So.2d 194 (La.App. 2d Cir. 1966), decided by this circuit, holding a continuous course of conduct by the husband designed to cause the wife mental anguish, as distinguished from any physical abuse, con *674 stitutes cruelty under the meaning of La. Civ.Code art. 138(3). Almost all the evidence tending to prove or disprove the acts complained of by plaintiff is the testimony of the parties themselves. The Seeling case does not support appellant’s position as the trial judge in the case at bar apparently was not willing to believe the testimony of plaintiff without more corroborating evidence.
It should be noted that in all of the cases cited by appellant, the appellate courts affirmed the decision of the trial judge. It is well settled that in the area of domestic relations much discretion must be vested in the trial judge, and particularly on evaluating weight of evidence to be resolved primarily on the credibility of witnesses. Sampognaro v. Sampognaro, 211 La. 105, 29 So.2d 581 (1947).
The trial judge having observed the demeanor of the witnesses in this case is in a better position to rule on their credibility, and we find no reason to disturb his decision.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s costs.
Affirmed.