296 So.2d 466 (1974)
Mrs. Dorothy WITHERS, Plaintiff-Appellee,
v.
George Gaston WITHERS, Defendant-Appellant.
No. 12315.
Court of Appeal of Louisiana, Second Circuit.
May 28, 1974.
Kidd, Katz & Halpin, by Stephen J. Katz, Monroe, for defendant-appellant.
Woodrow Wilson, Bastrop, for plaintiff-appellee.
Before AYRES, BOLIN and WILLIAMS, JJ.
BOLIN, Judge.
The primary issue on appeal is whether the circumstantial evidence presented during the trial below supports the judgment of divorce on the grounds of adultery, in favor of plaintiff wife against defendant husband. We find the evidence is sufficient and affirm the ruling of the lower court.
By an original and an amended petition plaintiff sued her husband for divorce on the grounds of adultery allegedly committed with a named co-respondent at a designated place and time. Defendant answered denying the adultery and reconvened seeking a separation, contending his wife abandoned him without lawful cause and has refused to return.
In addition to plaintiff, five witnesses testified on her behalf and, with only slight variations, their testimony is the same. Plaintiff had suspected her husband of having an illicit affair with another woman. On the night of Friday, July 13, 1973, plaintiff, together with these witnesses, went by automobile to the area of the corespondent's residence and hid themselves to await the arrival of the co-respondent. The essence of their testimony was that *467 the co-respondent arrived first, at about 9:30 p.m.; that when she arrived no lights were on in her house but she immediately turned them on; that about 30 minutes thereafter defendant arrived. The witnesses moved nearer the house and hid themselves in the shrubbery, positioning themselves in a manner to permit them to look in the window of the house. Soon after defendant's arrival all lights were out in the house except a dim light, which they surmised came from the television or a night light. Defendant and co-respondent lay down together on something, the witnesses being uncertain as to whether it was a couch, bed or the floor. In any event they disappeared from sight of the witnesses for approximately 30-45 minutes, after which the co-respondent stood up. At this stage one witness testified co-respondent "was buttoning back up", and another said "she was putting on some sort of wearing apparel."
Defendant and his witnesses deny any illicit act was committed. Defendant admitted going to the co-respondent's house on the night in question, but testified all of the lights remained on in the house and he went there to visit the co-respondent's brother. The brother, who lived next door to his sister, testified he came to his sister's house at her request because she stated she was frightened by seeing an unknown person standing in the vicinity of her residence. He said he was in the house the entire time defendant was there and no act of adultery was committed while he was there.
The co-respondent testified essentially the same as defendant and her brother. She admitted having seen and visited with defendant on prior occasions but denied any improper conduct during their acquaintance.
The testimony is irreconcilable. It is impossible to believe plaintiff's witnesses without concluding defendant and his witnesses were falsifying and vice-versa. While the trial judge did not assign written reasons for his judgment, it is evident from reading the transcript and the questions propounded by him to witnesses he was attentive to his duties. It is also evident, from his rendition of judgment in favor of plaintiff, the district judge believed plaintiff's witnesses and disbelieved defendant and his witnesses. This judgment, which necessarily must have been based largely upon the trial judge's evaluation of the credibility of the witnesses, should not be disturbed on appeal unless we are convinced he was clearly in error.
By the very nature of the act, adultery can seldom be established by direct or positive evidence, but it may be established by indirect or circumstantial evidence. The rule has often been stated in our jurisprudence that circumstantial proof of adultery is similar to proof of guilt in a criminal proceeding, as such evidence must establish guilt of the party accused to the exclusion of every other reasonable hypothesis. Stated another way, where adultery is sought to be proved by circumstantial or indirect evidence the facts established must be such as to lead fairly and necessarily to the conclusion that adultery has been committed. Morris v. Morris (La.App. 1st Cir. 1963) 152 So.2d 291, and cases cited therein.
We conclude the judgment of the trial court is warranted by the facts established by the testimony. Although circumstantial and indirect in character, the evidence convinces us the defendant was guilty of having committed adultery at the time and place alleged in plaintiff's petition.
The judgment is affirmed at appellant's cost.