LANDRY, Judge.
Defendant (Appellant) appeals from judgment granting plaintiff, (Appellant’s former husband), a divorce from Appellant on grounds of adultery. We affirm.
Appellant contends the trial court erred in: (1) permitting plaintiff to introduce evidence concerning adultery allegedly committed on dates other than those specified in plaintiff’s petition, and (2) granting plaintiff a divorce despite plaintiff’s fail-ture to establish commission of adultery to the degree of certainty required by law.
Plaintiff’s petition alleges adultery committed by Appellant during Appellant’s residence at a designated address in Terre-bonne Parish. It is recited the acts of adultery were committed by Appellant with a man known to Appellant and whom Appellant permitted to share Appellant’s said residence. On information and belief, it is asserted that Appellant allowed the man in question to remain in Appellant’s apartment overnight on numerous occasions and that said individual “definitely stayed overnight on February 16, 1975.”
At the trial below, Appellant objected to the testimony of two private investigators retained by plaintiff to maintain surveillance on Appellant’s apartment insofar as their testimony purported to relate to activities therein on the night of February 15-16, 1975. Briefly stated, Appellant contended below, and reasserts here, that such testimony was inadmissible as an enlargement of the pleadings which mentioned only the night of February 16-17, 1975.
Relying upon Withers v. Withers, La.App., 296 So.2d 466, Appellant contends such testimony should have been excluded for the reason mentioned. So arguing, Appellant maintains that plaintiff’s demand should be rejected since said inadmissible testimony is the only evidence tending to establish adultery in this instance.
Our perusal of Withers, above, discloses that it did not involve in any manner the question of admissibility of evidence insofar as admissibility is related to pleadings. Withers, above, was concerned solely with the issue of burden of proof in cases where adultery is sought to be established by circumstantial evidence.
We agree that in an action for divorce on grounds of adultery, as in any other civil matter, the allegations of plaintiff’s petition must fairly apprise defendant of the grounds and circumstances upon which plaintiff relies to establish plaintiff’s claim.
However, it is well settled that pleadings are to be liberally construed to the end that a litigant will be accorded his day in court, the truth will be disclosed, and substantial justice done. Eschete v. City of New Orleans, 258 La. 133, 245 So. 2d 383; Succession of Smith, 247 La. 921, 175 So.2d 269.
Plaintiff’s petition in effect alleges adulterous conduct by defendant during defendant’s residence at the stated address, where defendant admittedly lived from about November, 1974, .to late February or early March, 1975. More particularly, plaintiff alleged adultery committed on February 16, 1975. Under the circumstances, we find the pleadings sufficient to allow introduction of the controverted testimony.
Adultery may be established by circumstantial evidence inasmuch as the very nature of the act makes direct proof of such conduct most difficult. Coston v. Coston, 196 La. 1095, 200 So. 474; Morris v. Morris, La.App., 152 So.2d 291, and authorities therein cited.
To establish adultery by circumstantial evidence, the facts adduced must be such as to lead fairly and necessarily to the conclusion that adultery has been committed. Salles v. Salles, 187 La. 914, 175 So. 618; *71 Arbour v. Murray, 222 La. 684, 63 So.2d 425.
Appellant admitted having dated the corespondent during the period December, 1974, to late February, 1975. She acknowledged that corespondent frequently visited her apartment at night and that he occasionally stayed until midnight or as late as about 2:00 A.M. when Appellant gave a party. However, Appellant denied having sexual relations with corespondent and also denied that corespondent even spent an entire night in her apartment.
Mark Dickey and Michael Hebert, private investigators engaged by plaintiff, placed Appellant’s apartment under surveillance on several occasions prior to February 15, 1975. They attested to having seen the corespondent enter and leave Appellant’s apartment at various hours of the early evening and night. Except for the night of February 15, 1975, they observed the corespondent leave not later than about midnight or 1:00 A.M. On February 15, 1975, Appellant’s apartment was under surveillance from about 6:00 P.M. until 6:00 A.M. the following morning. On this occasion Dickey watched the front entrance while Hebert covered the back door. They testified that the corespondent remained in Appellant’s apartment during this entire time.
Appellant’s daughter, Pamela J, Henry, testified that during the interval December, 1974, to February, 1975, she visited her mother’s apartment on fairly frequent occasions. She acknowledged having seen the corespondent there on several occasions at night. On one such occasion Mrs. Henry spent the night with Appellant after having arrived at the apartment about 9:00 P.M. and finding the corespondent already there. Mrs. Henry testified that on this occasion the corespondent slept in a bed in the bedroom and Appellant slept on a couch. The record does not clearly indicate the room in which the couch was situated, but we presume it to have been the living room. Neither does Mrs. Henry’s testimony make precisely clear just where she slept, but again, we presume she slept in the living room with her mother. Mrs. Henry also testified she awoke during the night and noticed her mother was not on the couch. Mrs. Henry further related that after awakening she went to the kitchen for a drink of water and when she returned she noticed her mother was still not on the couch. She stated she did not know where her mother was at this time and presumed that Appellant had gone to the bathroom. She acknowledged she did not see her mother again until the next morning.
It is well settled that in matters of domestic relations much discretion is vested in the trier of facts. Sampognaro v. Sampognaro, 211 La. 105, 29 So.2d 581; Blackman v. Blackman, La.App., 253 So.2d 672.
It is also well established that the trial court’s evaluation of the credibility of witnesses and factual findings based thereon are entitled to great weight and will not be disturbed except in case of an abuse of the much discretion vested in the trier of facts in such matters. Withers v. Withers, 296 So.2d 466, and authorities therein cited.
The trial court concluded that the circumstantial evidence offered in this instance fairly and necessarily supports the conclusion that the alleged adultery had been committed. Not only do we find no abuse of the trial court’s discretion in so evaluating the evidence, but also we are in accord with the conclusions reached below.
The judgment of the lower court is affirmed, Appellant to pay all costs of these proceedings.
Affirmed.