STOULIG, Judge.
For the reasons assigned in the attached opinion, we affirm the judgment dismissing plaintiffs suit in the matter of Charles Coleman v. Janice Marie Coleman, separated wife of Charles Coleman, et a 1. Appellant is to bear all costs.
AFFIRMED.
Plaintiff, Charles Coleman, has appealed two judgments dismissing suits against his wife Janice Coleman — one in which he prayed for divorce on the ground of adultery, and a second[1] in which he sought to disavow the paternity of a daughter born to Janice Coleman on October 7, 1975. Although these matters were tried separately, similar factual allegations made it expedient to consolidate these matters on appeal. We combine our reasons in this one opinion and render separate decrees in each case.
In the divorce trial, plaintiff testified he left the matrimonial domicile at his wife’s request in April 1974 and became judicially separated on July 18,1974 by a judgment of the Civil District Court for the Parish of Orleans. He testified he and his wife had no sexual relations after that date. Plaintiff further stated that one Percy Saul lived with his wife after the separation and that the defendant bore a child some 15 months after the judicial separation.
Two of defendant’s neighbors — Malvin Bell and Kathy Hill — testified Saul frequently stayed overnight at Mrs. Coleman’s apartment; however, they said he began these visitations in the summer of 1975. The baby was born in the fall of 1975. Bell assumed Saul stayed in the apartment over *712 night because he saw him enter in the late afternoon and leave early in the .morning. He also saw several cars driven by Saul parked in the vicinity of the defendant’s apartment overnight. Bell did not keep a constant surveillance on the Coleman apartment.
Saul admitted that several cars that he had permission to use were left overnight because he had loaned them to Mrs. Coleman for her use. Saul is employed by a retail automobile outlet.
Janice Coleman said her daughter was fathered by plaintiff, having been conceived in December 1974 when she cohabited with him. She explained this was the only occasion they had sexual intercourse after the judgment of separation and she denies cohabiting with any other man. Saul testified that he and Mrs. Coleman were friends but not lovers.
Although the trial judge concluded in the adultery proceedings that the “ * * * evidence leads one to be very suspicious * * he decided plaintiff failed to adduce sufficient proof to support a judgment of divorce. Proof of adultery may be established by indirect or circumstantial evidence; however the evidence must support a conclusion of an adulterous relationship to the exclusion of any other reasonable hypothesis. The mere fact that a man and woman spend time together alone does not necessarily mean they are engaged in illicit sex. Hermes v. Hermes, 287 So.2d 789 (La.1973), and Kendrick v. Kendrick, 232 La. 1104, 96 So.2d 12 (1957).
In this case the decision of the trial court rests on an evaluation of the credibility of the witnesses. Our review of the record discloses no manifest error in the result reached by the district court. Accordingly we affirm the judgment dismissing plaintiffs petition for divorce. See Withers v. Withers, 296 So.2d 466 (La.App. 2d Cir. 1974).
In the action en desaveu, again credibility of the witnesses is a crucial factor. Appellant contends the trial court dismissed his suit because it placed the burden of proof on Charles Coleman to establish the girl was not his child. He relies on the presumption against paternity set forth in C.C. art. 188 (as it read prior to the 1976 amendment which, being substantive, was applicable when this suit was filed in 1975):
“The legitimacy of the child born three hundred days after the separation from bed and board has been decreed, may be contested, unless it be proved that there had been cohabitation between the husband and wife since such decree, because it is always presumed that the parties have obeyed the sentence of separation.
“But in case of voluntary separation, cohabitation is always presumed, unless the contrary be proved.”[2]
If the husband’s statement is accepted that he and his wife did not cohabit after the judgment of separation, the presumption that he is not the father must stand until disproved. Of course, the wife may negate the presumption by proving that she and her husband did in fact cohabit after judgment was rendered.
In this case Janice Coleman testified to one instance of sexual intercourse with her husband in December 1974. Although she was vague about the time the post-separation cohabitation took place, she repeated on several occasions it was in December 1974. The trial judge made the credibility call in her favor, thus she carried the burden of proving the element that destroys the C.C. art. 188 presumption. On the record before us, while we are not overly impressed with Mrs. Coleman’s testimony, we are equally confused by that of her husband.
Plaintiff suggests the child is the result of the adulterous relationship between his *713 wife and Percy Saul. Yet his own witnesses testified they did not see Saul near Mrs. Coleman’s apartment until the summer of 1975 when her pregnancy was well advanced. Plaintiff argues the trial judge’s decision that Mrs. Coleman was the more credible of the two litigants is based on a misunderstanding of the testimony. In written reasons the trial judge discussed at length the improbability of Charles Coleman’s having no information about his wife’s pregnancy until several days after the baby was born. As appellant points out, plaintiff did not say in so many words he did not know of the pregnancy; he sim.ply stated he learned of the birth several days' after it occurred. When the testimony of all the plaintiff’s witnesses is read together, there is an inference that they say plaintiff was unaware of the impending birth of the child before she was delivered. And yet, even if the trial judge erred in evaluating this aspect of the testimony, the evidence is still not sufficient to permit plaintiff to disavow paternity of this child.
To rebut the presumption of legitimacy dictated by the public policy of this State the evidence must be clear, certain and conclusive. In the instant case the trial judge found as a matter of fact that there was cohabitation after the judgment of separation was rendered. This finding of fact satisfies the proof required to overcome the exception to C.C. art. 184, the presumption of paternity, expressed in C.C. art. 187 as qualified by the first paragraph of C.C. art. 188. Heable v. Heable, 248 So.2d 847 (La. App. 2d Cir, 1971).
Accordingly we affirm the judgment dismissing the appellant’s disavowal of paternity action.

. The minor was represented in this action by a tutor ad litem.

. Singley v. Singley, 140 So.2d 546 (La.App. 1st Cir. 1962), for a discussion of presumptions in actions en desaveu.