GLADNEY, Judge.
The petitioner, Lou Gene Dickerson Powell, instituted this suit against her husband, Jesse William Powell, alleging abandonment as of March 13, 1962, and she prayed for a judgment of separation, custody of the minor child of the marriage, for alimony, and a dissolution of the community. During the course of the trial plaintiff testified that her husband left her because she refused to quit working and he gave her a choice of either quitting or he would leave. She further testified that it was necessary for her to work because of their financial condition. In refusing to decree a judgment of separation, the trial judge gave as his reasons for the decision, that “the husband has an absolute right to tell his wife if she may work * * * and any time a man can’t refuse to allow his wife to work in a cocktail lounge, I think the institution of marriage is destined for the rocks.”
In their brief, counsel suggest error in the decree for not granting the separation *610 in that a husband does not have an absolute right to tell his wife that she can or cannot work, regardless of the financial condition of the family or the circumstances under which the wife has chosen to work.
Generally, with respect to the rights and duties of husband and wife, LSA-C.C. Arts. 119 and 120 provide:
“Art. 119. The husband and wife owe to each other mutually, fidelity, support and assistance.
“Art. 120. The wife is bound to live with her husband and to follow him wherever he chooses to reside; the husband is obliged to receive her and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition.”
The Civil Code also provides in Art. 138 certain grounds for separation, one of which is abandonment.
As plainly stated in Art. 120, the wife is bound to live with her husband and follow him wherever he chooses to reside, and, on the other hand, the husband is required to receive his wife and furnish her with whatever is required for the convenience of life, in proportion to his means and condition. The construction given to this article must take into consideration the obligations of both the husband and the wife. It has been held that the mere fact that the husband is poor, irascible, distant, and treated his wife harshly on account of which they have previously separated, was not ground for the wife’s refusal to accompany the husband to a new abode. Gahn v. Darby, 36 La.Ann. 70 (1884). As a rule when the husband changes his domicile the wife is bound to follow her husband wherever he determines to go. Cretien v. Her Husband, 5 Martin 60 (1826) N.S.; Cuny v. Cuny, 146 La. 711, 83 So. 906 (1920); Howell v. Kretz, 15 La.App. 454, 131 So. 204 (1st Cir.1930); Bush v. Bush, 232 La. 747, 95 So.2d 298 (1957); Fontenot et al. v. United States Fidelity & Guaranty Company et al., La.App., 113 So.2d 33 (1st Cir.1959).
We are fully in accord with the ruling of the trial court and in our opinion the cause of separation must be attributed to appellant’s refusal to discontinue working under conditions which met with her husband’s disapproval. The reasons given by the trial judge for refusing a judgment in favor of appellant seem to us entirely sufficient. Accordingly, the judgment from which appealed, is affirmed at appellant’s cost.