A. E. RAINOLD, Judge ad hoc.
Caswell K. Smith filed suit for separation from bed and board from his wife, Lillian Dunning Smith, on the ground of abandonment.
In his petition, the husband alleged that on May 11, 1961, he moved to Dallas, Texas, to enter medical practice; that in June 1961 his wife informed him she would not join him in Dallas and, despite his protests, has continued her refusal to move to Dallas. He also prayed for a partition of the community of acquets and gains.
The wife reconvened, alleged cruel treatment which made their living together intolerable and prayed for a separation “a mensa et thoro.” She also prayed for permanent custody of the four minor children of the marriage, alimony for her support and that of the minor children and attorney’s fees.
After trial on the merits, the district court rendered judgment in favor of tire plaintiff husband and against the defendant wife decreeing a separation a mensa et thoro between them and granting to defendant the permanent care, custody and control of the minor children. The judgment further awarded defendant alimony *829 for the support of the minor children at the rate of $320.00 per month. Defendant wife appealed from this judgment praying for judgment in her favor and for an increase in alimony.
The record reveals that the couple were married in New Jersey in 1953 and later established their matrimonial domicile in Jefferson Parish, Louisiana, where it remained until the husband moved to Dallas, Texas, in May 1961, for reasons of professional advancement.
Both the husband and wife testified that, although the husband importuned his wife to follow him to Dallas, she refused-to' do so. The wife avers that she did not abandon her husband as he charged but that she was justified in declining to join him because of his cruel treatment to her and their children.
Defendant complains that plaintiff’s testimony concerning the abandonment was uncorroborated and that he failed to bear the burden of proof, relying upon the case of Ellois v. Ellois, La.App., 145 So.2d 123, for the proposition that the mere uncorroborated testimony of one spouse, whether admitted by the other spouse or denied and contradicted by the other spouse, does not constitute a preponderance of the evidence required by law to justify a judgment of separation from bed and board or divorce. In the Ellois case, the husband and wife were the sole witnesses while, in the instant case, the husband’s claim that he and his wife were living apart was supported by the testimony of defendant’s mother. The lower court found this to be sufficient corroboration that defendant would not follow her husband to Dallas and we agree.
For the wife’s action in refusing to follow her husband to his new residence not to be considered abandonment on her part, she must show that she had sufficient cause or provocation for her refusal. Callahan v. Callais, 224 La. 901, 71 So.2d 320; and Glorioso v. Glorioso, 223 La. 357, 65 So.2d 794.
Defendant’s testimony and that of her mother as to the mental cruelty of plaintiff consisted in most part of generalities concerning minor irritations. Mrs. Dunning, defendant’s mother, could be no more specific about the charge of mental cruelty on the part of plaintiff than to state that he was the rudest man she had ever met. Defendant testified that her husband was critical of the children, that he struck them on occasion, that he called her names in the presence of friends and that he had a drinking problem which was unsubstantiated by other testimony. Her most serious accusation is that one day her six year old son returned with two black eyes from a swimming expedition with his father. Both his mother and grandmother testified that the boy told them that his father had hit him and he struck his head against the swimming pool. Neither the mother nor grandmother witnessed the incident and were merely repeating what the child told them without any substantiation. While excesses, outrages and cruel treatment are causes for a judicial separation between the spouses, disappointment in the marriag'e relation and mere incompatibility of temper do not constitute such causes under our law. Gormley v. Gormley, 161 La. 121, 108 So. 307.
We find that the evidence does not reveal ill-treatment of defendant by plaintiff of such a nature as to render their living together insupportable. Plaintiff has made every effort possible to have his family reunited with him in Dallas but defendant has consistently refused and her refusal without sufficient cause constitutes abandonment under L.S.A. Civil Code Article 138, entitling plaintiff to a judgment of separation from defendant.
 The lower court awarded defendant $320.00 for support of the children, which she asks to be raised to $500.00 per month for her and her children. As she *830 testified that she is employed at an annual salary of $3,900.00 and has the use of the community home on which the husband is paying the note, she is presently not in need of support for herself. The award of $320.00 per month for the support of the children in the opinion of this court is fair and reasonable. If conditions change prior to final divoarce and during her separation from bed and board, she may obtain proper relief for herself and her children by applying to the court of original jurisdiction.
For the reasons assigned, the judgment of the lower court is affirmed.
Affirmed.