SAVOY, Judge.
George Herman Ash filed this suit against his wife, Juanita Frances Ash, nee Esk-ridge, asking for a separation from bed and board from her because of abandonment. Plaintiff husband alleged that his wife left the matrimonial domicile without good cause on October 10, 1963. He conceded that his wife should be granted custody of their minor child born of the union, with the right reserved to him to visit said child as directed by the court. He also agreed to pay alimony to his wife for the support of herself and their child in the sum of $15.00 per week.
Defendant wife filed an answer and re-conventional demand; the answer being in the nature of a general denial. In the re-conventional demand, the wife stated that since her marriage to her husband, he had humiliated her by physically abusing her, cursing her and threatening her life; and that because of her mental and physical condition, she was forced to leave the matrimonial domicile. She prayed for judgment of separation a mensa et thoro against her husband. She also asked for alimony for herself and the minor child. In a hearing prior to the cause on the merits, the wife was awarded alimony in the sum of $37.50 per week.
Dr. Walter Moss, a respected member of the Calcasieu Parish Medical Association, testified that he had treated Mrs. Ash for several years prior to the separation between her and her husband; that although she complained of physical illness, he could not find anything organically wrong with her; that the patient told him things were not satisfactory at home. He advised her to go to the hospital for a series of examinations, and he found that while she was away from the matrimonial domicile her symptoms disappeared and she was in good mental and physical health. He also testified that after three or four episodes with her husband, he advised Mrs. Juanita Ash to leave the matrimonial domicile for a rest for a short while. On October 10, 1963, she left the matrimonial domicile permanently and moved in with her mother. On cross-examination, the doctor expressed the opinion that his patient would be better off if she left the matrimonial domicile permanently.
In addition to the testimony of the wife, there is in the record the testimony of her mother, a married daughter, and a neighbor.
The mother and married daughter testified that the husband was hard to please. Mrs. Young, mother of the wife, testified that about 2:00 A.M. one morning her son-in-law drove his car in the front of her residence, came to the front door and started banging on the door and cursing, and pulled the screen door; that she, her daughter and granddaughter went next door.
Mrs. Judy Duplechain, married daughter of the parties to the instant suit, testified her father was hard to please; that he cursed her mother and physically assaulted her prior to their last reconciliation.
The trial judge rejected the husband’s suit for abandonment stating that the abandonment was for good cause. Pie granted the wife a judgment of separation from bed and board on her reconventional demand.
*414 It is unfortunate that this couple is unable •to get along amicably. This Court is of the ■opinion that the judgment of the trial court is correct. If the wife continues to live with her husband, it is very probable that her health will be impaired both from a mental and a physical standpoint. The parties were ■separated once before; and they made a ■final attempt to save the marriage, without success.
Taking all of the evidence into consideration, this Court is of the opinion that the ■trial judge was justified in rejecting the ■claim for abandonment and in granting the wife a judgment of separation.
The husband has not complained of the ■alimony awarded the wife for herself and her minor daughter, nor of the visitation rights granted to him in connection with his minor daughter.
For the reasons assigned, the judgment of the trial court is affirmed. Appellant to pay ■costs of this appeal.
Affirmed.