HOOD, Judge.
This is an action for separation from bed and board instituted by Mrs. Shirley Bushnell Lerch against her husband, Kenn Russell Lerch. Plaintiff alleges as grounds for *160 her demands that the defendant failed and refused to support her while she and her minor children were in necessitous circumstances. Judgment was rendered by the trial court rejecting plaintiff’s demands, and she has appealed.
Plaintiff and defendant were married in 1956, and two children were horn of that union. Immediately after their marriage they established their matrimonial domicile in Calcasieu Parish, Louisiana, where plaintiff had resided prior to the marriage, and they lived there for about seven months. They then moved to Pennsylvania, which was defendant’s former home, but they returned to Louisiana about one year later, and they lived together in Calcasieu Parish from November, 1957, until they separated in May, 1964. Defendant had been employed by Cities Service Oil Company for about six years immediately before the parties separated.
In May, 1964, the defendant quit his job at Cities Service Oil Company and moved to Pennsylvania for the purpose of establishing a home and going into business for himself in that state. He invited his wife to accompany him in order that they and the children might thereafter make their home in Pennsylvania, but plaintiff refused to go with him. Since that time plaintiff and the two children have continued to live in Calcasieu Parish, and defendant has resided in Pennsylvania.
Plaintiff testified that although the defendant invited her to accompany him to Pennsylvania at the time he left, which invitation was declined, he has never extended the invitation to her again and she has never offered to join him there. She states that as far as she knows he has a home for her in Pennsylvania, that he would assist her in moving there to live with him, and that he would support her if she decided to join him. She states, however, that she refuses to do so, and the only reason she assigns for her refusal is that she and her husband “do not get along and there is nothing but fussing and fighting,” and she does not want to subject her children to that kind of atmosphere.
LSA-C.C. Article 120 provides:
“The wife is bound to live with her husband and to follow him wherever he chooses to reside; the husband is obliged to receive her and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition.”
Although under some circumstances the wife is excused or relieved from the duty of following her husband, no such circumstances have been shown to exist here. See Powell v. Powell, La.App. 2 Cir., 152 So.2d 609; and Bush v. Bush, 232 La. 747, 95 So.2d 298. Under our appreciation of the facts in the instant suit, the defendant is ready and willing to comply with his obligation to receive plaintiff at his new residence and to furnish her with whatever is required for the convenience of life.
While working at Cities Service Oil Company, Mr. Lerch was earning about $500.00 per month, before deductions. At or about the time he moved to Pennsylvania, he withdrew from his employer the sum of $4,476.80, that being the total amount which had accumulated to his credit as earnings or savings in connection with his employment. He kept all of these funds, except that he gave plaintiff $32.00 before he left for her to use in paying an outstanding bill.
The parties owned a home in Louisiana which was mortgaged. After the separation Mr. Lerch made the regular monthly payments of about $100.00 per month on this mortgage indebtedness, which payments were continued for several months until the house was sold. Plaintiff resided in the house with her two children for about four months after the separation, but moved out about that time because she thought that she had a sale for the property. Although that sale was not completed, the property was sold to someone else before the case was tried, and the evidence does not show *161 how much either of the parties received from the proceeds of the sale.
Shortly before the case came up for trial on the merits, the trial court rendered judgment ordering defendant to pay unto plaintiff the sum of $180.00 per month as alimony pendente lite and support for the children. The first monthly payment in that amount was made by defendant at or about the time of the trial.
Mrs. Lerch testified that her husband has made no payments to her for her support or for the support of the children, other than the payments which are hereinabove specifically mentioned. She testified that she has made “requests for support,” but she emphasized the fact that she has never asked for any support for herself, her requests being only for support for the children. She stated that all of these requests were made by letter, and that the matter of support was never mentioned in any of the telephone conversations which she had with her husband after they separated.
In a letter which Mrs. Lerch wrote to her husband on June 28, 1964, she stated:
“So far I’ve been able to take care of everything concerning the house, also our living expense.
I’ll not ask you for any money. I know you want to open a store, and if that’s what you want I really hope you make it. I’m sure Dad will help all he can. When your able to give me what yoti think I should have of the money, that’s fine, and if I don’t get any well that’s okay also. I haven’t seen a lawyer and I haven’t filed for sep. All I know is I can get $150.00 a month for the kids. You can have all the money for the business. If you can send me this amount a month after your in business are working I’ll be okay.” (emphasis added)
In another letter which plaintiff wrote to defendant on July 15, 1964, she said:
“Jim Hardy is going to buy the three acres. He has the $5,000.00 and is coming this evening to get things straight. I hope by now you are working because I must have money for the children each month. I’m looking now for a house and hope to move this week. I want $100.00 a month for the children. I cannot pay bills and rent on what I am making. I am not asking for myself. I had to buy the children clothes last week, also, both of them needed shoes.” (emphasis added)
We think these letters confirm plaintiff’s testimony that she asked only for support for the children, and that she did not request any support for herself.
There is nothing in the record to show whether Mr. Lerch has been employed since he moved to Pennsylvania, whether he has succeeded in establishing his own business, or whether he has any funds or income from which support could be paid. The record does not show whether it was necessary for him to invest in the business or store which he planned to open the funds which he had accumulated or which he took with him when he left Louisiana.
At the time the parties separated, Mrs. Lerch was employed as a bookkeeper for a furniture store in Calcasieu Parish, a position which she had held for a number of years. She continued to work at that employment until October, 1964, when she was discharged. She has not been employed since that time, and she testified that she has no other income. The record does not show whether defendant was informed of the fact that she was no longer working, and, as we have already stated, the evidence does not show whether plaintiff received any part of the proceeds of the sale of the propetry which was owned by the community and located in this state.
Article 138 of the Revised Civil Code, which sets out the grounds upon which *162 a judgment of separation from bed and board may be obtained, provides:
“Separation from bed and board may be claimed reciprocally for the following causes:
8. On account of the intentional non-support by the husband of his wife who is in destitute or necessitous circumstances * * (emphasis added)
It is apparent from the language used in the above quoted article that in order for plaintiff to obtain a separation from bed and board on the grounds alleged, she must establish: (1) That there was intentional nonsupport of plaintiff by the defendant; and (2) that plaintiff was in destitute or necessitous circumstances. The trial court found that plaintiff had failed to establish either of these facts, and judgment accordingly was rendered rejecting plaintiff’s demands. The issue presented here is whether the trial judge erred in arriving at those conclusions. We will consider first the question of whether plaintiff has established “intentional non-support” by the defendant.
The word “intentional” is defined in Webster’s Unabridged Dictionary as: “Done by intention or design.”
It is defined in Black’s Law Dictionary, Fourth Edition, as “willful.” And, some of the definitions of “willful,” as given in that dictionary, are:
“Intending the result which actually comes to pass; designed; intentional; not accident or involuntary.”
“Conscious; knowing; done with stubborn purpose, but not with malice.”
“Premeditated; malicious; done with evil intent, or with a bad motive or purpose, or with indifference to the natural consequences; unlawful; without legal justification.”
Prior to 1954 the law did not authorize a separation on the grounds of nonsupport. Sub-paragraph (8) of Article 138 of the Civil Code was added by an amendment which was adopted at that time. See Act 617 of 1954. In an article published in the Louisiana Law Review, written by Dean Paul M. Hebert and Professor Carlos E. Lazarus, of the Louisiana State University Law School, the authors commented with reference to this amendment that:
“ * * * The remedy effected by the 1954 statute in the enlargement of the grounds for separation to include intentional nonsupport accomplishes the result of providing a reciprocal remedy for intentional nonsupport in cases in which there is no abandonment of one of the spouses by the other. There is some safeguard in the requirement that the nonsupport must be ‘intentional’ which exacts that the nonsupport be knowing and willful and clearly excludes a case of inability to provide. Similarly, the requirement that the nonsupported spouse be in ‘destitute or necessitous circumstances’ indicates legislative intent to restrict the application of the new provision to cases of real destitution. * * * ” (XV L.L.R. 9, 14) (emphasis added)
The general rule, as stated in Corpus Juris Secundum, is:
“A wife may not obtain a divorce for nonsupport if she abandons or refuses to live with her husband without just cause, or, without justifiable cause, compels him to leave, or where the parties separate and remain apart by mutual consent and the husband is never requested to contribute to the support of the absent members of his family or refuses to do so. Where a wife voluntarily leaves her husband after a separation agreement and does not offer to return but refuses to do so, she is not entitled to a separation on the ground of nonsupport; * (27A C.J.S. Divorce § 43, p. 145)
*163 ******
“However, some statutes provide that the refusal or neglect to support in order to constitute ground for divorce must be willful, gross, or wanton and cruel, and when the evidence is sufficient to sustain the charge of willful nonsupport, and it is apparent that it is the settled purpose of the husband not to support his wife, the court may not arbitrarily refuse to grant a divorce. The failure to provide, to be willful, must be intentional or the result of such callous neglect and indifference as to be equivalent to an intentional failure.” (27A C.J.S. Divorce § 43, p. 147) (emphasis added)
In the case of Holman v. Holman, 94 Utah 300, 77 P.2d 329, decided by the Supreme Court of Utah, where the law apparently provided that a divorce might be obtained on the grounds of “willful neglect to provide for the common necessaries of life,” the court said:
“We have doubt whether the evidence even goes so far as to establish failure to provide in the manner required by the social rank and condition of the parties (citations omitted). But there is no doubt that there was no willful failure to provide. The failure, to be willful, must be intentional or of such callous neglect and indifference as to be equivalent to an intentional failure (citations omitted).” (emphasis added)
We think the term, “intentional nonsupport,” as used in Article 138 of the Civil Code, necessarily implies that the person who is obliged to provide the support is able to do so, but that he willfully or deliberately refuses or neglects to provide it.
After considering the views expressed by the above cited authorities, we have concluded that in order for a wife to obtain a judgment of separation from bed and board from her husband on the grounds of “intentional non-support,” as provided in Article 138 of the Civil Code, the evidence must establish: (1) That the husband is able to provide some support to his wife, but that he fails or refuses to do so; (2) that the failure or refusal of the husband to provide support is willful or by design; or that the husband has a settled purpose to not provide support for her; or that he purposely or deliberately fails or refuses to provide support with some bad motive, or with indifference to the hardships or suffering which would result; and (3) that the wife is in destitute or necessitous circumstances.
In the instant suit plaintiff has failed to prove that her husband is able to contribute more toward the support of his wife than he has been contributing, and thus the evidence does not show that he has failed or refused to provide support within his means and ability to do so. The evidence also fails to show any willful purpose or design on the part of defendant to withhold support from plaintiff, and there is nothing to indicate a bad motive, malice, a settled purpose to not provide support, or indifference on the part of the defendant. The defendant apparently wants plaintiff to go to Pennsylvania with him for the purpose of making their home there, and she refuses to do so without any apparent justification for such refusal. Under the circumstances presented here, we agree with the trial judge that plaintiff has failed to establish that there has been “intentional nonsupport” on the part of the defendant.
Since we have concluded that plaintiff has failed to show intentional nonsupport, it is unnecessary for us to consider the question of whether plaintiff has established that she is in destitute or necessitous circumstances.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.