SAVOY, Judge.
Plaintiff-wife filed this suit for separation against defendant-husband. As grounds for said separation, she alleged that defendant intentionally failed to support her while she was in necessitous circumstances, and that she is entitled to a separation under the provisions of LSA-C.C. Article 138, Section 8. Also, that he was guilty of cruel treatment for the reasons specified in her petition.
Defendant filed a general denial, and assuming the position of plaintiff in reconvention, prayed for a separation against plaintiff on the ground of abandonment.
After a trial in the district court, the trial judge dismissed plaintiff’s suit and granted defendant, plaintiff in reconvention, judgment on the ground of abandonment. From this judgment plaintiff has perfected this appeal to this Court.
Plaintiff’s cause of action is based primarily on LSA-C.C. Article 138, Section ■8, which provides:
“Separation from bed and board may be claimed reciprocally for the following causes:
* * * * * *
'“8. On account of the intentional mon-support by the husband of his wife who is in destitute or necessitous circumstances, or by the wife of her husband who is in destitute or necessitous circumstances.”
From a reading of the above-quoted article, in order for plaintiff to obtain a separation from bed and board on the grounds alleged, she must establish (a) that there was an intentional non-support of plaintiff by defendant, and (b) that plaintiff was in destitute or necessitous circumstances.
The first matter for determination is whether or not plaintiff has established intentional non-support by the defendant-husband.
According to the evidence in the record of this case, plaintiff has never made a demand on defendant for support, nor has she asked for it in the present suit.
The word “intentional” is defined in Webster’s Unabridged Dictionary as: “Done by intention or design.” It is defined in Black’s Law Dictionary, Fourth Edition, as “willful.” Some of the definitions of “willful” as given in that dictionary, are:
“Intending the result which actually comes to pass; designed; intentional; not accident or involuntary.
“Conscious; knowing; done with stubborn purpose, but not with malice.
“Premeditated; malicious; done with evil intent, or with a bad motive or purpose, or with indifference to the natural consequences; unlawful; without legal justification.”
We are of the opinion that the term “intentional non-support” set forth in the above Civil Code article means that the person who is obliged to provide the support is able to do so, but that he has willfully or deliberately neglected to provide same. For a full discussion of intentional non-support as defined in LSA-C.C. Article 138, see the case of Lerch v. Lerch, 177 *656 So.2d 159, recently decided by this Court.
Since plaintiff has not ever made a demand on defendant for support, nor has she asked for it in the instant suit, we are of the opinion that the trial judge was correct in holding that she had failed to prove her case under the provisions of LSA-C.C. Article 138, Section 8.
Having found that there was no intentional non-support on the part of defendant, it is not necessary to discuss whether or not she was in necessitous circumstances.
We will next consider the other ground alleged by plaintiff for a separation, namely, cruel treatment.
The evidence reflects that plaintiff in reconvention left the house at night, staying out all night without his wife knowing his whereabouts; specifically, on June 30, 1964, he allegedly went to work, but instead, rented a room at a tourist court in Lake Charles, Louisiana, and was reprimanded by his employer for not appearing for work on that night. Prior to his separation, the husband would not speak to the wife for long periods of time; that the acts of the husband had a detrimental effect on the health of the wife. She was forced to leave her position as an office manager for a side business operated by her and her husband because of her health. The husband told the wife he did not want to live with her and implied that she should leave the matrimonial domicile.
We are of the opinion that the actions of the husband constituted cruel treatment on his part, and that she was justified in leaving the domicile under all of the circumstances in the case, especially since the husband made it known that he did not want to live with her and did not want the marriage to continue.
This Court recently stated in the case of Ash v. Ash, (La.App., 3 Cir., 1965), 169 So.2d 412:
“It is unfortunate that this couple is unable to get along amicably. This Court is of the opinion that the judgment of the trial court is correct. If the wife continues to live with her husband, it is very probable that her health will be impaired both from a mental and a physical standpoint. The parties were separated once before; and they made a final attempt to save the marriage, without success.”
This case is very similar to the Ash case, supra, in that the parties in this case had separated once as did the parties in the Ash case.
Since the wife was justified in leaving the matrimonial domicile, the reconventional demand on the part of the husband on the ground of abandonment is without merit; and, accordingly, the reconventional demand is rejected.
For the reasons assigned, the judgment of the district court is reversed and judgment is hereby rendered in favor of plaintiff, Mrs. Virginia Bahnsen, and against defendant, Wendell M. Bahnsen, granting her a separation from bed and board from the said Wendell M. Bahnsen; and, it is further ordered that the reconventional demand filed by Wendell M. Bahnsen is rejected and said reconventional demand is dismissed.
Wendell M. Bahnsen to pay all costs in the district court and of this appeal.
Reversed and rendered.