HOOD, Judge.
This is an action for separation from bed and board instituted by Mrs. Dina A. Bordelon against her husband, Lionel J. Bordelon. Plaintiff alleges as grounds for her demands that defendant failed and refused to support her and their child. The defendant reconvened, demanding a judgment of separation in his favor on the grounds that his wife had abandoned him. After trial, judgment was rendered by the trial court rejecting the demands of both parties and assessing all costs to the defendant husband. Both parties have appealed.
Plaintiff and defendant were married on June S, 1965, and immediately thereafter they moved into a house trailer which they had purchased jointly before their marriage. The trailer was located near Marks-ville, on land owned by defendant’s half-brother, and the parties occupied the trailer as their home for more than two years. They apparently were happy and they experienced no marital difficulties of any kind during that time. Defendant added a room to the trailer while they were living in it.
On July 17, 1967, Mrs. Bordelon gave birth to a child. She spent four days in the hospital after the child was born, and then she moved to the home of her parents, in Big Bend, Louisiana. At that time both parties agreed that it was better for her to go to her parents’ home in order that her mother could assist in caring for her and the baby while plaintiff was recuperating. A few days later plaintiff returned to the matrimonial domicile to live in the trailer with her husband, but plaintiff’s mother came with her and stayed with the parties for several days. When plaintiff’s mother left to return to Big Bend, plaintiff found that it made her extremely nervous to live in the trailer, so she immediately moved back to her parents’ home. She returned to the trailer for brief periods of time during the next few weeks, but she found that her nervous condition was such that she could not bear to live there, and on each such occasion she returned promptly to the home of her parents.
The parties visited with each other frequently while plaintiff was staying with her mother, and until about September 10, 1967, both parties apparently felt that the family eventually would be reunited. On or about the last mentioned date, however, plaintiff informed defendant that she would not return to him unless he obtained a house in which they could live, and defendant refused to rent a house assigning as his reasons for such refusal that he could not afford the added expense. Shortly thereafter defendant had a notice placed in the local newspaper which read “I am not responsible for debts made by my wife, Mrs. Dina Ann Bordelon.” This notice was published first on September 14, 1967. Very little communication took place between the parties after September 10, and it is apparent from the evidence that considerable animosity developed between defendant, on the one hand, and plaintiff’s mother, on the other. This suit was filed on October 4, 1967.
Plaintiff testified, .“I went back and I tried, I really tried but I just couldn’t stay,” and “I told him that I was nervous; I couldn’t stay in the trailer alone, you know; and he would be working all the time. I just couldn’t stay alone by myself.” She asked her husband to rent a house for at least one or two months so she could “get better” and “get used to being out from the trailer,” but she stated that he did not do so. She testified that she wanted to stay with her husband and that she would have been happy to return to him if he had provided her with a house so that her health would not have been in jeopardy, but that she is still nervous and she did not know whether her condition had improved enough even at the time of the trial to permit her to return to the trailer.
Defendant testified that he has always loved his wife, and that he loves her now. He concedes that after the child was born it made his wife nervous to live in the *119 trailer, and that she asked him to rent a house in which they could live. He testified, however, that he could not afford the expense of renting a house and obtaining furniture for it, and that he explained that to his wife.
Defendant is a common laborer, who has been working by the hour as a roustabout and as a construction worker. He apparently does not have regular employment, because the record shows that he had at least three different employers during the months of September and October, 1967. His take-home pay for the four week period immediately prior to the trial was $225.10. His payments on the house trailer amount to $52.64 per month, and he owes medical bills which were incurred in connection with the birth of the child. Mrs. Bordelon also was employed until two months before the child was born. She has not worked since that time, so the family no longer has that income. We think the defendant’s financial condition was such that it would have been difficult, and perhaps impossible, for him to have rented a house after the birth of the child and also to have met his other obligations. He was not being unreasonable or arbitrary, therefore, in refusing to rent a house for plaintiff at that time.
Less than four weeks elapsed between the time plaintiff informed defendant that she could not return to live with him in the trailer and the time this suit was instituted. During that time defendant gave plaintiff $23.33 for her support. He also kept up the payments on the trailer and he made monthly payments on the hospital bill after the child was born.
Prior to the institution of this suit no .demand for support was made on defendant, and no bills incurred by plaintiff for her needs were presented to him for payment. Mrs. Bordelon indicated that her parents would not have accepted any payments from defendant for the food and support which they provided for her. Plaintiff’s mother testified that she and her husband had paid several bills incurred in caring for plaintiff, but she concedes that she never informed defendant of these bills and she has never asked him to reimburse her for them. The only discussion which she apparently had with defendant about such bills was one relating to medical prescriptions which occurred as plaintiff was leaving the hospital, and she acknowledged that defendant at that time stated that he would reimburse his wife’s parents for any expense they incurred for those prescriptions. Plaintiff testified that she informed her husband of the fact that her parents had paid some of the medical bills, but she concedes that she did not ask defendant for reimbursement.
LSA-C.C. art. 138 provides, among other grounds, that a separation from bed and board may be claimed “on account of the intentional non-support by the husband of his wife who is in destitute or necessitous circumstances.”
In Lerch v. Lerch, 177 So.2d 159 (La.App.3d Cir. 1965), we held:
“After considering the views expressed by the above cited authorities, we have concluded that in order for a wife to obtain a judgment of separation from bed and board from her husband on the grounds of ‘intentional non-support,’ as provided in Article 138 of the Civil Code, the evidence must establish: (1) That the husband is able to provide some support to his wife, but that he fails or refuses to do so; (2) that the failure or refusal of the husband to provide support is willful or by design; or that the husband has a settled purpose to not provide support for her; or that he purposely or deliberately fails or refuses to provide support with some bad motive, or with indifference to the hardships or suffering which would result; and (3) that the wife is in destitute or necessitous circumstances.”
*120 And in Bahnsen v. Bahnsen, 177 So.2d 654 (La.App.3d Cir. 1965), we also stated:
“We are of the opinion that the term ‘intentional non-support’ set forth in the above Civil Code article means that the person who is obliged to provide the support is able to do so, but that he has willfully or deliberately neglected to provide same.”
“Since plaintiff has not ever made a demand on defendant for support, nor has she asked for it in the instant suit, we are of the opinion that the trial judge was correct in holding that she had failed to prove her case under the provisions of LSA-C.C. Article 138, Section 8.”
In the instant suit we agree with the trial judge that plaintiff has failed to establish that her husband has willfully and deliberately refused to support her, and thus she has failed to show “intentional non-support” by the defendant. The notice which defendant had published in the local newspaper is not, in itself, sufficient to show intentional non-support. A husband may consistently deny responsibility for bills which his wife incurs, and at the same time adequately provide his wife with all of her needs. In this instance there has been no showing that defendant has refused to support his wife. Plaintiff’s demand for a judgment decreeing a separation between the parties thus was properly rejected.
We also agree with the trial judge that Mr. Bordelon has failed to show that his wife abandoned him. We think Mrs. Bordelon has developed a condition which causes her to become extremely nervous when she attempts to live in the trailer, and for that reason we believe she was justified in refusing to move back into it.
Defendant argues that since plaintiff has failed to establish non-support by her husband, it necessarily follows that she is “guilty of legal abandonment,” and that the husband “ipso facto” is entitled to a judgment of separation. This argument is based on the established rule of law that the refusal of the wife to live with her husband or to return to the matrimonial domicile will be considered as abandonment on her part, unless she shows that she has sufficient cause or provocation to justify such refusal. Smith v. Smith, 148 So.2d 827 (La.App. 4th Cir. 1963, Cert. denied); Callahan v. Callais, 224 La. 901, 71 So.2d 320 (1954); Glorioso v. Glorioso, 223 La. 357, 65 So.2d 794 (1953).
In the instant suit Mrs. Bordelon’s refusal to return to the matrimonial domicile was not based on the failure or refusal of her husband to support her. It was based on a physical, mental or emotional condition which caused her to become highly nervous when she attempted to live in a trailer. We think she established that this condition exists, and we think it is sufficient cause for her to refuse to return to the trailer. The fact that she failed to prove “intentional non-support” by the husband, therefore, does not warrant a conclusion that she has failed to show other sufficient causes or provocations for her refusal to return to the family home.
The trial judge assessed all of the costs of this suit to defendant. We consider the obligation thus imposed on defendant to be a community debt, and we find no abuse of discretion on the part of the trial judge in assessing these costs to the defendant. See LSA-C.C.P. arts. 1920 and 2164.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant, as head and master of the community.
Affirmed.